UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                )
PLASTERERS' AND CEMENT MASONS'   )
LOCAL 40 PENSION FUND, through its )
TRUSTEES; PLASTERERS' AND CEMENT )
MASONS' LOCAL 40 ANNUITY FUND,   )
through its TRUSTEES; PLASTERERS' )
AND CEMENT MASONS' LOCAL 40 HEALTH )
AND WELFARE FUND, through its    )
TRUSTEES; PLASTERERS' AND CEMENT )
MASONS' LOCAL 40 APPRENTICESHIP  )
FUND, through its TRUSTEES;      )
PLASTERERS' AND CEMENT MASONS'   )
LOCAL 40 INDUSTRY ADVANCEMENT    )
FUND, through its TRUSTEES;      )    C.A. No. 12-256 S
PLASTERERS' AND CEMENT MASONS'   )
LOCAL 40; and DONALD LAVIN, in his )
official capacity as             )
Co-Administrator of the Funds,   )
                                 )
          Plaintiffs,            )
                                 )
     v.                          )
                                 )
D & M CONCRETE FINISHING A/K/A,  )
D & M CONCRETE FLOOR COMPANY,    )
                                 )
          Defendant.             )
_____)

**ORDER**

WILLIAM E. SMITH, United States District Judge.

On April 5, 2012, Plaintiffs filed a three-count Complaint alleging violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3) & 1145, the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and the Rhode Island Payment of Wages statute, R.I. Gen. Laws §§ 28-14-3 & 28-14-3.1. (ECF No. 1.)  The next day, Plaintiffs sent a copy of the Summons

and Complaint to Defendant's registered agent for service via certified mail, return receipt requested, and Defendant signed for the Summons and Complaint on April 9. (Aff. in Supp. of Appl. to Clerk for Entry of Default ¶ 2, ECF No. 3-1; see also Summons, ECF No. 2.) Defendant never filed an Answer or in any other way responded to the Complaint (Aff. in Supp. of Appl. to Clerk for Entry of Default ¶ 2), so Plaintiffs subsequently filed a motion for entry of default on May 2, 2012 (ECF No. 3). Because Defendant still did not respond, the clerk entered the default on June 6. (ECF No. 5.) Now before the Court is Plaintiffs' Motion for Entry of Judgment by Default. (ECF No. 8.) As with every other stage of the case, Defendant has neither responded nor objected. Therefore, for the reasons set forth below, the motion is GRANTED.

I. Facts

"On a motion for entry of default judgment, the facts alleged in the complaint are taken as true." Queally v. Estate of Hoviss, C.A. No. 10-002-S, 2011 WL 6026593, at *1 (D.R.I. Dec. 2, 2011) (citing Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002)). Plaintiffs Plasterers' and Cement Masons' Local 40 Pension Fund; Plasterers' and Cement Masons' Local 40 Annuity Fund; Plasterers' and Cement Masons' Local 40 Health and Welfare Fund; Plasterers' and Cement Masons' Local 40 Apprenticeship Fund; and Plasterers' and Cement Masons' Local 40 Industry Advancement

Fund (collectively, the "Funds") are multi-employer pension plans within the meaning of ERISA "established to provide various types of benefits, including retirement, medical, and employment training, to members of" Plasterers' and Cement Masons' Local 40 ("Local 40"), a labor union within the meaning of ERISA and the LMRA.  (Compl. ¶¶ 2-6, 8, 12.)   These benefits are financed in part by employer contributions set by the collective bargaining agreements between Local 40 and each employer.  (Id. ¶ 13.)   Per the collective bargaining agreements, each employer is required to submit contributions to the Funds based on the number of hours of covered employment worked by its employees.  (Id.)   The rights and obligations of the Funds and each employer are set forth in the various Agreement and Declaration of Trusts ("Trust Agreements").  (Id. ¶ 14.)

Defendant, as a party to one of these collective bargaining agreements (the "CBA"), is required to remit union dues to Local 40 for each hour worked by members of Local 40.  (Id. ¶¶ 15, 18.) In addition, the CBA binds Defendant to the terms of the Trust Agreements.  (Id. ¶ 15.)   Accordingly, Defendant "shall submit timely payroll reports indicating the number of hours worked by its covered employers and [sic] well as the amount of contributions owed, promptly pay said contributions, and pay penalties and interest when in default."  (Id. ¶ 16.)   When in default, the outstanding contributions accrue interest at one

percent (1%) per month.  (Id. ¶ 17.)  Since August 2011, Defendant

has failed to remit dues to Local 40, to make any contributions to

the Funds, and to "otherwise [] comply with the terms and

conditions of the Trust Agreements." (Id. ¶ 19.)

II. Discussion

      "Once the clerk enters default, 'the Court may grant a

judgment in the plaintiff's favor on all claims supported by

'well-pleaded allegations in [the] . . . Complaint.''" Queally,

2011 WL 6026593, at *1 (quoting SEC v. Locke Capital Mgmt., Inc.,

726 F. Supp. 2d 105, 106 (D.R.I. 2010)) (alterations in original).

Here, Plaintiffs have adequately pleaded that Defendant's failure

to contribute to the Funds and to remit dues to Local 40 are

violations of the Trust Agreements and the CBA, and thus

violations of ERISA, the LMRA, and the Rhode Island Payment of

Wages statute.  (See generally Compl.)  Because Defendant has

still not responded to the default entered on June 6, 2012,

judgment in the Plaintiffs' favor is appropriate.

      The only remaining issue, therefore, is the amount of the

judgment.  According to 29 U.S.C. § 1132(g)(2),

      In any action under this subchapter by a fiduciary
      for or on behalf of a plan to enforce section 1145 of
      this title in which a judgment in favor of the plan is
      awarded, the court shall award the plan --

           (A)  the unpaid contributions,
           (B)  interest on the unpaid contributions,
           (C)  an amount equal to the greater of –
                (i)     interest on the unpaid contributions,
                        or

> > (ii) liquidated damages provided for under
> > the plan in an amount not in excess of
> > 20 percent (or such higher percentage
> > as may be permitted under Federal or
> > State law) of the amount determined by
> > the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the
> action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the
> court deems appropriate.

Plaintiffs believe they are entitled to $48,170.33 and provide a detailed accounting in support of their request. After reviewing the calculations, the Court agrees. Accordingly, Plaintiffs are due a total of $48,170.33, comprised of the following amounts:

(A) The unpaid contributions from June 2011 through July 2012 totaling $28,100.58. (See Aff. of Donald Lavin in Supp. of J. by Default Ex. A-1, ECF No. 8-1.)

(B) The interest on these unpaid contributions, calculated per the Trust Agreements at one percent (1%) per month, amounting to $4,979.03. (See id.)

(C) Liquidated damages, calculated per the Trust Agreements as a twenty percent (20%) penalty on all unpaid contributions, equaling $5,620.12. (See id.)

(D) Attorney's fees and costs of $4,279. (See Aff. of Elizabeth Wiens ¶ 8, ECF No. 8-2.) From March 30, 2012 through March 12, 2013, Plaintiffs' attorneys spent fifteen hours on this matter at a rate of $240 per hour, for a total fee of $3,600. (See id. ¶¶ 5, 7 & Ex. B-1.) They also incurred $679 in costs.

(See id. Ex. B-1.)   The Court finds these amounts to be reasonable in these circumstances.

(E)   Finally, $4,421.25 in union dues that Defendant deducted from its members' paychecks from June 2011 through July 2012 but failed to remit to Local 40, as well as an additional $770.35 in interest (calculated at one percent (1%), accrued monthly) on those dues.   (See Aff. of Donald Lavin in Supp. of J. by Default Ex. A-1.)   Though payment of dues and interest on those dues are not explicitly provided for in § 1132(g)(2) or any of the other statutes at issue, the failure to remit due payments was a breach of the CBA, and thus these amounts are effectively damages for a breach of contract.   Alternatively, the Court believes they appropriately qualify as "such other legal or equitable relief" contemplated by 29 U.S.C. § 1132(g)(2)(E).

III. Conclusion

For the aforementioned reasons, Plaintiffs' Motion for Entry of Judgment by Default is GRANTED.   Judgment is hereby entered in Plaintiffs' favor in the amount of $48,170.33.

IT IS SO ORDERED.


/s/ William E. Smith
William E. Smith
United States District Judge
Date:  June 4, 2013